CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 29, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW SCOTT HOWARD, | ) |
|     Plaintiff, | ) Civil Action No. 7:25-cv-00150 |
| | ) |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| CHAD KILGORE, *et al.*, | ) Chief United States District Judge |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Matthew Scott Howard, acting *pro se*, brought this action related to his detention at the Southwest Virginia Regional Jail in Abingdon pursuant to 42 U.S.C. § 1983. Howard alleges deliberate indifference to his serious medical needs based on being denied participation in a Medication Assisted Treatment (MAT) program. (Compl., Dkt. No. 1.)

Howard sued six defendants, and five of those defendants have appeared and moved to dismiss. Defendants Chad Kilgore and Brian Parks appeared by counsel and filed a motion to dismiss the claims against them. (Dkt. No. 23.) Defendants Crystal Large, NP, Heather Greear, NP, and Gregory Haynes, MD (the Medical Defendants) filed their own motion to dismiss. (Dkt. No. 25.) Howard responded to both motions. (Dkt. Nos. 28, 31.) The remaining defendant, Howard Carlton, has not been served and has not made an appearance in this case.

For the reasons stated below, the motions to dismiss will be granted, and plaintiff's claims against all defendants will be dismissed without prejudice.

I.  BACKGROUND

**A. Plaintiff's Allegations**

Liberally construed, it appears Howard may be alleging a violation of his equal protection rights and violations of his Eighth and/or Fourteenth Amendment rights to medical treatment.

Howard alleges that defendants pick and choose who can be on the MAT program. He asserts that inmates are not allowed to "have a voice" and the "drug tests used are faulty." (Compl. 2.)

Howard also complains that unnamed defendants took his medications and gave them to someone else or "vice versa . . . we do not receive our medication like supposed to . . . ." (*Id.*) Also, "by not answering sick calls in timely fashion and allowing my health to deteriorate" and abscess that "can kill me."

Plaintiff asks to be on the MAT program, wants "something done" about faulty drug tests, and seeks compensation for mental anguish and suffering. Finally, he would like to see a "real physician." (*Id.* at 3.)

**B. Defendants' Motions and Plaintiff's Responses**

Kilgore and Parks argue the claims should be dismissed against them because Howard does not plausibly allege their personal involvement. They also argue that Howard cannot meet the standard for granting injunctive relief. (Dkt. No. 23.) In response, Howard argues that Kilgore and Parks should be responsible because they are running "both Duffield and Abingdon Regional Jail" and "they are aware of how the medical in these facilities is ran, and choose to do nothing about it . . . ." (Dkt. No. 28.) Howard also complains that he needs discovery of his medical requests and grievances. He generally maintains that the staff at the jail is lazy and nonresponsive to his medical issues and complaints, leaving Howard to suffer without help. (*See id.*)

Large, Greear, and Haynes argue that Howard cannot state a claim whether Howard's claim arises under the Eighth Amendment or the Fourteenth Amendment. (Dkt. No. 26.) They note that the complaint does not identify a serious medical condition to which they were deliberately indifferent. Also, Howard's complaint does not describe the conduct of any

2

particular defendant aside from being in the caption of the complaint. (*See id.*) In response, Howard maintains that he has made each defendant aware of his allegations through the complaints he has filed. (Dkt. No. 31.)

II.  ANALYSIS

**A.  Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Beel Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## B. Personal Involvement

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A claim under § 1983 requires factual details about each defendant's personal involvement in the violation of the plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Iqbal*, 556 U.S. at 676 (noting that liability under § 1983 "requires personal involvement").

Aside from being listed in the caption of the complaint, there are no specific facts pertaining to any of the defendants alleged in the complaint. *See Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding that the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). General and collective allegations against groups of defendants fail to allege a plausible claim. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023).

Plaintiff's arguments in opposition to the motion to dismiss cannot be used as a method to amend the deficiencies in his complaint. *Rhoads v. Guilford Cnty., N.C.*, 751 F. Supp. 3d 590, 607 n.14 (M.D.N.C. 2024) ("It is axiomatic that a plaintiff may not amend his complaint in his response brief."). Moreover, Howard's argument that defendants were alerted to his issues by virtue of his prison complaints and grievances is insufficient to overcome the issues with his complaint. Defendants are entitled to notice of the claims plaintiff may be pursuing against them in federal court. *See* Fed. R. Civ. P. 8(a); *Blackman v. Boston Whaler, Inc.*, 649 F. Supp. 3d 142, 148 (E.D.N.C. 2023) (explaining that "Rule 8(a)'s requirements are calculated to give the

4

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

For these reasons, the court will grant the motions to dismiss.

### C. Claims Against Defendant Howard Carlton

As noted above, defendant Howard Carlton was not served and has not appeared in this case. On April 23, 2025, the court issued an order directing plaintiff to provide sufficient additional information to identify this defendant for purposes of service. (Dkt. No. 21.) The order warned plaintiff that failure to provide the requested information would result in the claims against Carlton being dismissed without prejudice. (*Id.*) Plaintiff responded to this order, but the information provided was not sufficient for purposes of completing service on Carlton. (Dkt. No. 22.) Accordingly, the court will dismiss the claims against Carlton without prejudice.

### III.  CONCLUSION

The court will issue an appropriate order granting defendants' motions to dismiss and dismissing the claims against all defendants without prejudice.

Entered: January 29, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge